PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMEL A. SMITH, | ) | |
| | ) | CASE NO. 5:17CV0150 |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| JOHN D. FERRERO, *et al.*, | ) | **AND ORDER** |
| | ) | [Resolving ECF Nos. 7, 18, 21, 23, 25, |
| Defendants. | ) | 28, and 29] |

Pending before the Court are Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendants Stark County Prosecuting Attorney John D. Ferrero, Stark County Public Defender Tammi R. Johnson, Judge Sara Lioi, Stark County Commissioners, and Judges of the Stark County Court of Common Pleas ("Stark County Defendants") (ECF No. 18); Motion to Dismiss pursuant to Rule 12(b)(6) filed by Defendant Ohio Attorney General Mike DeWine ("DeWine") (ECF No. 23); and Motion to Dismiss pursuant to Rule 12(b)(6) filed by Defendant the City of Canton ("Canton") (ECF No. 25) (collectively, "the Motions to Dismiss"). Also pending is the Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) filed by Defendants the Judges of the Canton Municipal Court ("the Canton Judges") (ECF No. 28). In addition, Plaintiff filed a Motion for Default Judgment against DeWine, Canton and the Canton Judges (ECF No. 29). The Court has been advised, having reviewed the record, the parties' briefs, and the applicable law. For the reasons set forth below, the Court (1) grants the Motions

(5:17CV0150)

to Dismiss; (2) grants the Motion for Judgment on the Pleadings; and (3) denies the Motion for Default Judgment.

**I. Background**

*Pro Se* Plaintiff Jamel A. Smith has an extensive history of criminal convictions dating back to 1996. *See* Case Dockets of Canton Municipal and Stark County Common Pleas Courts (ECF Nos. 18-1 and 18-2). Most recently, Plaintiff was arrested on January 10, 2017 and charged with possession of cocaine. On January 23, 2017, a preliminary hearing was conducted in the Canton, Ohio Municipal Court. *Canton v. Smith*, No. 2017CRA00152 (Canton Mun. Ct. filed Jan. 10, 2017). The Court found probable cause and bound the case over to the Stark County, Ohio Court of Common Pleas. *State v. Smith*, No. 2017CR0122 (Stark Ct. Common Pleas Ct. filed Jan. 23, 2017). Plaintiff was released on bond. The Stark County Grand Jury returned an Indictment against Plaintiff on February 10, 2017 for one count of possession of cocaine. That case is still pending.

On January 20, 2017, prior to the above-referenced indictment, Plaintiff filed this action under 42 U.S.C. § 1983 against Stark County Prosecutor John D. Ferrero and Stark County Public Defender Tammi R. Johnson. Complaint (ECF No. 1). He filed a [First] Amended Complaint (ECF No. 8) on February 9, 2017, which added the Judges of the Stark County Common Pleas Court, the Canton Judges, the Stark County Commissioners, DeWine, Canton, and Judge Lioi[1] as new party defendants. In his pleadings, Plaintiff contends that when a

---

[1] There are no specific allegations against Judge Lioi in the [First] Amended Complaint (ECF No. 8). On February 15, 2017, Judge Lioi, however, recused citing 28

(continued...)

(5:17CV0150)

prosecutor seeks the indictment, rather than conducting a preliminary hearing, she violates the suspect's due process and equal protection rights under the United States Constitution.

Defendants seek dismissal of the case at bar. They all argue that seeking an indictment rather than conducting a preliminary hearing does not violate a suspect's constitutional rights. The Stark County Defendants and the Canton Judges assert absolute judicial immunity. The Stark County Defendants also assert prosecutorial immunity. They state that the public defender is not a state actor and cannot be sued under 42 U.S.C. § 1983. The Stark County Commissioners and DeWine contend Plaintiff has not alleged they were personally involved in the actions giving rise to the [First] Amended Complaint (ECF No. 8). Finally, the Canton Judges assert Plaintiff failed to state a claim for conspiracy, and the statute of limitations expired insofar as his claim pertains to events occurring prior to January 20, 2015.

## II. Motion for Default Judgment (ECF No. 29)

Fed. R. Civ. P.12(a)(1)(A)(i) provides that "[u]nless another time is specified by this rule or a federal statute, the time for filing a responsive pleading," *i.e.*, an answer, is "21 days after being served with the summons and complaint." Before serving an answer, a party may file a motion to dismiss asserting any of the grounds listed in Rule 12. The filing of such a motion alters the time period for filing an answer, in the event that the motion is denied. Rule 12(a)(4).

The method of computing time is found in Fed. R. Civ. P. 6(a). When calculating the 21 days to file an answer or responsive pleading, the day of service is excluded. Rule 6(a)(1)(A).

---

[1](...continued)
U.S.C. § 455 and returned the case to the Clerk of Court for reassignment. *See* Order (ECF No. 11). The same day, the undersigned was assigned to the case.

(5:17CV0150)

Thereafter, every day, including Saturdays, Sundays and legal holidays are counted. Rule 6(a)(1)(B). If the last day of the period falls on a Saturday, Sunday or legal holiday, however, the response is due by the end of the next business day that is not a Saturday, Sunday or legal holiday. Rule 6(a)(1)(C). The last day of the period ends for those filing electronically at midnight in the Court's time zone or, for those filing manually, at the time the clerk's office is scheduled to close. Rule 6(a)(4)(A) and (B).

Plaintiff seeks a default judgment against DeWine, the Canton Judges, and Canton. These Defendants were not included in the original Complaint (ECF No. 1). They were added as Defendants in the [First] Amended Complaint (ECF No. 8) filed on February 9, 2017, and were served with that pleading on February 14, 2017. *See* Returns of Service (ECF Nos. 15, 16, and 19). Their answer dates were, therefore, March 7, 2017. On March 6, 2017, Dewine and Canton filed timely Motions to Dismiss (ECF Nos. 23 and 25). Canton also filed a timely Answer (ECF No. 26) on March 6, 2017. In addition, the Canton Judges filed a timely Answer (ECF No. 27) and Motion for Judgment on the Pleadings (ECF No. 28) on March 7, 2017. None of these Defendants are in default. Plaintiff's Motion for Default Judgment (ECF No. 29) is denied.

### III. Standard of Review

The procedural standard for determining a judgment on the pleadings under Fed. R. Civ. P. 12(c) is indistinguishable from the standard of review for dismissals based on failure to state a claim under Fed. R. Civ. P. 12(b)(6). *U.S. ex rel. Bledsoe v. Community Health Systems, Inc.*, 342 F.3d 634, 643 (6th Cir. 2003); *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509, 511-12 (6th Cir. 2001) (citing *Mixon v. Ohio*, 193 F.3d 389, 399-400 (6th Cir. 1999)). In deciding a motion

4

(5:17CV0150)

to dismiss pursuant to Rule 12(b)(6), or a motion for judgment on the pleadings under Rule 12(c), the Court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. The factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citing authorities).

In other words, claims set forth in a complaint must be plausible, rather than conceivable. *Id.* at 570. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations in the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, p. 235-236 (3d ed. 2004)). In addition to reviewing the claims set forth in the complaint, a court may also consider exhibits, public records, and items appearing in the record of the case as long as the items are referenced in the complaint and are central to the claims contained therein. *Bassett v. Nat'l*

5

(5:17CV0150)

*Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008); *Erie County, Ohio v. Morton Salt, Inc.*, 702 F.3d 860, 863 (6th Cir. 2012).

### IV. Law and Analysis

#### A. Direct Indictment

As an initial matter, Plaintiff challenges the constitutionality of being indicted without there first having been a preliminary hearing. This process is called direct indictment. "The term direct indictment simply means that no criminal complaint was first filed against a defendant. There is no constitutional or statutory requirement that a criminal prosecution begin by complaint. It is lawful for a prosecutor to bring a criminal charge initially by indictment." *Johnson v. Ohio*, No. 2:12-cv-972, 2013 WL 209590, at *3 (S.D. Ohio Jan. 17, 2013). *See also United States v. Burnett*, No. 3:14-00173, 2015 WL 1906026, at *4 (M.D. Tenn. April 20, 2015) (finding that the defendant did not have a constitutional right to a preliminary hearing and the indictment satisfied "the whole purpose and justification of the preliminary hearing"). The Constitution requires that the defendant receive fair notice of the criminal charge against him and that those charges be supported by a finding of probable cause that he committed the crime. *See United States v. Pandilidis*, 524 F.2d 644, 648 (6th Cir. 1975). An indictment affords those constitutional protections. It is constitutionally sufficient for a criminal charge to be initiated by indictment rather than a complaint. *See Smith v. Miller*, No. 2:09CV468, 2009 WL 2246157, at *2 (S.D. Ohio July 23, 2009); *Zaffino v. Konteh*, No. 5:05CV1485, 2006 WL 2360902, at *3-5 (N.D. Ohio Aug.15, 2006) (Economus, J.) (concluding that no constitutional due process claim exists where a trial court fails to provide a defendant with a preliminary hearing prior to indicting

6

(5:17CV0150)

him); *Gibson v. O'Conner*, No. 2:12-cv-120, 2012 WL 995641, at *4 (S.D. Ohio March 22, 2012) ("[A]ny constitutional challenge to the state court's failure to hold a preliminary hearing fails.").

Direct indictment does not violate the Constitution. Plaintiff fails to state a claim upon which relief may be granted. Therefore, Plaintiff's claim fails as a matter of law.

### B. Absolute Immunity

The Canton Judges, Judges of the Stark County Court of Common Pleas, and Judge Lioi are absolutely immune from suits for damages. Judicial officers are generally absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per curiam); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject-matter jurisdiction of the court over which she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116; *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). A judge will not be deprived of immunity even if the action she took was performed in error, done maliciously, or was in excess of her authority. Plaintiff alleges no facts against any of these judges. It appears they are named because they presided over at least one of Plaintiff's criminal prosecutions. The judges are absolutely immune

7

(5:17CV0150)

from suits for damages pertaining to actions and decisions they made while acting as judicial officers.

Prosecutors are also entitled to absolute immunity from damages for initiating a prosecution and in presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993); *Robinson v. Mahoning County*, No. 4:16CV3011, 2017 WL 1399931, at *3-4 (N.D. Ohio April 19, 2017) (Pearson, J.). A prosecutor must exercise her best professional judgment both in deciding which suits to bring and in conducting them in court. *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006). This duty could not be properly performed if the prosecutor is constrained in making every decision by the potential consequences of personal liability in a suit for damages. *Id.* These suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the state's advocate. *Imbler*, 424 U.S. at 424-25; *Skinner*, 463 F.3d at 525. Absolute immunity is therefore extended to prosecuting attorneys when the actions in question are those of an advocate. *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir. 2003). Immunity is granted not only for actions directly related to initiating a prosecution and presenting the state's case, but also to activities undertaken "in connection with [the] duties in functioning as a prosecutor." *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir. 2002). Again, Plaintiff does not allege facts to suggest a basis for his claim against Stark County Prosecuting Attorney John D. Ferrero. It appears he is suggesting Ferrero obtained an indictment against him. That action is directly related to initiating the state's case. Therefore, Ferrero is absolutely immune from damages.

(5:17CV0150)

### C. Public Defender

Stark County Public Defender Tammi R. Johnson is not subject to suit under 42 U.S.C. § 1983. To establish a prima facie case under § 1983, Plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniel v. Williams*, 474 U.S. 327 (1986). Public defenders are not state actors against whom claims can be asserted under § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 318, (1981); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir. 1998), *overruled on other grounds by Coles v. Granville*, 448 F.3d 853 (6th Cir. 2006).

### D. Stark County Commissioners, Ohio Attorney General, and Canton

Plaintiff cannot establish the individual liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). He does not allege facts suggesting DeWine or the Stark County Commissioners had any personal involvement with his indictment. Thus, Plaintiff fails to state a claim against these Defendants in their individual capacities.

Moreover, Plaintiff has not stated a claim against them in their official capacities. A claim against DeWine in his official capacity is the functional equivalent of a claim against the State of Ohio. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). The Eleventh

(5:17CV0150)

Amendment is an absolute bar to the imposition of liability upon state agencies. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005).

Claims against the County Commissioners in their official capacities are the equivalent of claims against Stark County. Local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. A local governing body can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id.* at 690. *See also DePiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999). Plaintiff does not suggest a custom or policy of Stark County which violated his constitutional rights.

Similarly, Plaintiff cannot hold Canton liable. He does not allege facts to suggest how the City of Canton, through a policy or custom, violated his constitutional rights.

**E. Conspiracy**

The Canton Judges indicate that Plaintiff makes a vague reference to the public defenders conspiring with other Defendants. *See* ECF No. 8 at PageID #: 31, § III. Although the standard of review is liberal, it requires more than bare assertions of legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726-27 (6th Cir. 1996). The complaint must give the defendants fair notice of what the plaintiff's claims are and the factual grounds upon which they

(5:17CV0150)

rest. *Id.* at 726; *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). In addition, conspiracy claims must be pled with specificity. *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003). Plaintiff's allegation that public defenders conspired with other named Defendants is stated as a legal conclusion, and is not sufficient to meet the federal notice pleading requirements of Fed. R. Civ. P. 8.

### F. Statute of Limitations

Finally, the Canton Judges indicate the statute of limitations has run on any claim which pertains to a criminal prosecution prior to January 20, 2015. Plaintiff does not specifically allege to which criminal prosecution he is referring with respect to his claims. Ohio's two-year statute of limitations for bodily injury applies to § 1983 claims. *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097 (6th Cir. 1995). To the extent Plaintiff is complaining of events that occurred more than two years ago, his claims are time barred.

### G. [Second] Amended Complaint (ECF No. 35)

This matter is also before the Court upon the [Second] Amended Complaint (ECF No. 35), filed on June 8, 2017. The [Second] Amended Complaint (ECF No. 35) adds Canton Police Department, Stark County Sheriff's Department, Metro Task Force, and Judge John R. Adams as new party defendants.[2] The amended pleading was filed without leave of court or written consent of the adverse parties. Fed. R. Civ. P. 15(a) provides, in pertinent part:

AMENDMENTS BEFORE TRIAL.

---

[2] *United States v. Smith*, No. 5:17CR0091 (N.D. Ohio filed March 14, 2017) is pending before Judge Adams.

11

(5:17CV0150)

> (1) *Amending as a Matter of Course*. A party may amend its pleading once as a matter of course within:
>     (A) 21 days after serving it, or
>     (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e) or (f), whichever is earlier.
> (2) *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.
>
>     \*    \*    \*    \*

When, as in this case, a party has already amended his pleading once, Rule 15(a)(2) governs the propriety of further amendments. Plaintiff has not obtained the opposing parties' written consent to amend his [First] Amended Complaint (ECF No. 8). Therefore, the Court's leave to amend is required.

Plaintiff filed his Complaint (ECF No. 1) on January 20, 2017. Prior to Defendants filing a responsive pleading or motion to dismiss, Plaintiff filed a [First] Amended Complaint (ECF No. 8) pursuant to Rule 15(a)(1)(A). Thus, the [First] Amended Complaint (ECF No. 8) was filed as a matter of course, and leave of court was not required. Plaintiff is, however, required to obtain the opposing parties' written consent or leave of court to file the [Second] Amended Complaint (ECF No. 35). Even when construed broadly, the [Second] Amended Complaint makes, at best, vague allegations that fall prey to the same frailties addressed earlier in this writing. Given the allegations in the [Second] Amended Complaint, the Court finds the granting of leave would be futile.

(5:17CV0150)

## V. Conclusion

Accordingly, Defendants' Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (ECF Nos. 18, 23, and 25) are granted. The Canton Judges' Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) (ECF No. 28) is also granted. Plaintiff's Motion for Default Judgment (ECF No. 29) is denied. The [Second] Amended Complaint (ECF No. 35) is stricken from the file pursuant to Fed. R. Civ. P. 12(f) because Plaintiff did not obtain leave of court or Defendants' written permission to file his amended pleading as required by Fed. R. Civ. P. 15(a)(2). Additionally, the Court finds the granting of leave to file the [Second] Amended Complaint (ECF No. 35) would be futile. Plaintiff's Motions [for Permission to Register and File Documents Electronically] (ECF No. 7) and for Discovery (ECF No. 21) are denied as moot. This action is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
| June 12, 2017 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |